IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRELL DAN FLOYD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | 1:05-CV-00848-T |
| | ) | [wo] |
| CITY OF DOTHAN, ALABAMA, | ) | |
| | ) | |
| Defendant. | ) | |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

On November 16, 2005, this court advised the *pro se* plaintiff that his complaint filed August 23, 2005 "is too deficient and otherwise non-compliant with the Federal Rules of Civil Procedure to justify further proceedings.(*footnote omitted*)  Unless these deficiencies are cured by amendment, the complaint is due to be recommended for dismissal."  After delineating "deficiencies in the complaint", the court provided relevant guidance and a reasonable opportunity for the plaintiff to amend his complaint, cautioning as follows:

> Unless these deficiencies are cured by amendment, the complaint is due to be recommended for dismissal.  <u>Accordingly, the Plaintiff is INSTRUCTED to read carefully and to comply with the specific guidance provided herein for a necessary re-evaluation of the merits of continuing this action.</u>

**PURSUANT TO THE FOREGOING INSTRUCTIONS**, and consistent with the deference mandated for *pro se* litigants, (footnote omitted)  in the needful exercise of its judicial authority, this court acts promptly to ensure that the plaintiff has reasonable notice of the shortcomings in his complaint,  a reasonable opportunity to seek consultations with competent lawyers about the propriety of his actions, and  reasonable notice of this Court's intention to recommend dismissal promptly for any action which does not belong in this federal court.

**Accordingly, for good cause, it is <u>ORDERED</u> that the Plaintiff shall file by December 19, 2005,** *either* **an amended complaint which complies with therequirements outlined in this order and also asserts valid, factually supported, and timely federal causes of action for which relief can be granted,** *OR***, notice that he desires to withdraw her complaint in this court.** Failure to comply with the instructions and directives in this ORDER may result in a recommendation that this lawsuit be dismissed with prejudice.

(Doc. 9 at 1, 4-5).

Plaintiff filed neither an amended complaint nor notice as instructed. Accordingly, he should be deemed to have abandoned prosecution of this action, which is patently frivolous as specified in this court's Order entered November 16, 2005. It is, therefore, the Recommendation of the Magistrate Judge that this action be dismissed with prejudice[1] for lack of prosecution and pursuant to 28 U.S.C.§ 1915(e)(2)(B)(i) and (ii)."[2]

**IT IS FURTHER ORDERED that the parties shall file any objections to the**

---

[1] The recommendation for dismissal *with prejudice* is warranted to deter this *pro se* plaintiff's abusive pattern of filing frivolous lawsuits against governmental entities and officers. *See, e.g.*, *Floyd v. Dothan City Police*, 1:05cv-0851-F, for which a similar recommendation is entered herewith, and *Floyd v. Special Agent Conner*, 1:05-cv-0089-F.

[2] Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii), the court "shall dismiss the case" by a plaintiff proceeding *in forma pauperis* "at any time if [it] determines that the action.... (i) is frivolous or malicious, or (ii) fails to state a claim on which relief may be granted." At any stage of the proceedings, a case is frivolous for the purpose of § 1915(e)(2)(B)(i) when it appears that the plaintiff "has little or no chance of success." *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). A district court may conclude that a case has little or no chance of success and dismiss the complaint before service of process when it determines from the face of the complaint that the factual allegations are "clearly baseless," that the legal theories are "indisputably meritless," or that plaintiff "seeks monetary relief against a defendant who is immune from such relief." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton*, *id.* A complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted "only if it is clear that no relief could be granted under any set of facts that could be proved." *Hishon v. King & Spalding,* 467 U.S. 69, 73 (1984).

said *Recommendation* **not later than January 19, 2006.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 4th day of January, 2006.

/s/ **Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE